UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-69 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Addison Thompson, Jr., | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Addison Thompson, Jr.'s ("Thompson") *pro se* Motion to Modify Judgment in Lieu of Restitution. (Doc. No. 123.) The United States of America (the "Government") opposes Thompson's Motion. (Doc. No. 125.) For the reasons discussed below, the Court respectfully denies Thompson's Motion.

## BACKGROUND

On July 26, 2017, Thompson pled guilty to one count of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, and one count of Possession with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c) (Doc. Nos. 42, 43.) On December 5, 2017, this Court sentenced him to 148 months' imprisonment on each count, to run concurrently, followed by a 3-year term of

supervised release on each count, also to run currently.[1] (Doc. No. 56 ("Judgment".)) The Court also imposed restitution in the amount of $30,692 and a special assessment of $200. (*Id.* at 6.) The Judgment instructed that "the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR" and recommended that Thompson "participate in the Inmate Financial Responsibility Program while incarcerated."[2] (*Id.* at 7.)

Thompson argues that the Federal Bureau of Prisons ("BOP") has improperly exceeded its authority by requiring him to pay $70 per month, despite working a non-UNICOR job.[3] (Motion at 3.) He asserts that the $70 monthly payment has put him

---

[1]   Thompson is currently incarcerated at McCreary USP in Pine Knot, KY with an anticipated release date of June 23, 2027. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited January 20, 2022).

[2]   When an inmate participates in the Inmate Financial Responsibility Program ("IFRP"), the amount and timing of Defendant's financial obligation payments are set by the Bureau of Prisons ("BOP"). *See* 28 C.F.R. §§ 545.10, 545.11. Under the IFRP, the minimum payment is $25 per quarter but may be increased based upon an inmate's earnings and other resources, which equates to approximately 25% of a defendant's earnings. *See* 28 C.F.R. § 545.11. The consequences for failure to participate in the IFRP program include denial of preferred living quarters, furloughs, and work details outside the prison, including UNICOR job placement. *See* 28 C.F.R. § 545.11(d). It appears that Thompson participates in the IFRP. (*See* Motion at 2-3; *see also* Doc. No. 123-1.)

[3]   Thompson appears to argue that the Court ordered him to pay no more than $25 each quarter if working a non-UNICOR position. (Motion at 4 ("[B]y the institution adjusting my payment from $25 quarterly to [$]70.00 a month, the [BOP] are [sic] acting as [Defendant's] sentencing order which is illegal . . . .").) The Judgment clearly stated though, that Thompson pay a quarterly *minimum* of $25. (*See* Judgment at 7 (emphasis added).)

"under duress" and "will force [him] to extort family and friends" in order to meet it. (*Id.* at 2-4.) Thompson further argues that the timing and amount of payment set by the BOP is an improper alternation of his sentence and asks the Court to correct the situation "by ensuring the [BOP] upload the courts [sic] ruling of restitution/fine payments . . . ." (*Id.* at 5.)

The Court recognizes that Thompson is frustrated over the amount and timing of his payment.[4] The Court notes, though, that under the IFRP, the BOP has the discretion to determine the proper amount and timing of his payments. *See* 28 C.F.R. § 545.11. Thompson has provided no evidence that the $70 monthly payment is too high or inappropriate given his current resources, or that it in any way violates the parameters of the IFRP.[5] *See United States v. Savage*, 466 F. App'x 68, 70 (3rd Cir. 2012) (denying relief where defendant "failed to provide any evidence or specific allegations about his economic circumstances, such as how much he previously earned per month, how much he earns now, or how much money he has in his prison account").

Importantly, though, even if Thompson did present a proper challenge to his $70 monthly payment, the Court lacks jurisdiction to consider his Motion. Essentially, Thompson asks the Court to amend the amount and timing of his IFRP payments. Such a

---

[4] Thompson does not appear to challenge the amount of his restitution, but rather, the timing and amount of his payment.

[5] As discussed above, while the minimum payment under the IFRP is $25 per quarter, that amount may be increased based upon an inmate's earnings and other resources, which equates to approximately 25% of a defendant's earnings. *See* 28 C.F.R. § 545.11.

request is properly construed as a habeas challenge to the execution of his sentence and must be pursued under 28 28 U.S.C. § 2241 in the district of his incarceration. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (a federal inmate may challenge the execution of his sentence pursuant to 28 U.S.C. § 2241 in his district of incarceration or attack the validity of his sentence pursuant to 28 U.S.C. § 2255 in the district where he was sentenced); *see also United States v. Duke*, Cr. No. 4:89-94(2) (DSD), 2008 WL 11511481, at *1 (D. Minn. Nov. 21, 2008) (the proper method to challenge the amount and timing of IFRP payments is through a § 2241 petition in defendant's custodial jurisdiction). Because Defendant is incarcerated outside the District of Minnesota, this Court lacks the jurisdiction to consider his Motion.

Even if this Court had jurisdiction over this matter, the record does not reflect that Thompson has exhausted his administrative remedies. Under 28 C.F.R. § 542.10, the BOP has a process through which federal prisoners may seek review of complaints related to any aspect of confinement. 28 C.F.R. § 542.10. Because the IFRP is an aspect of Defendant's confinement, he must first participate in the BOP's administrative process before his Motion is ripe for review. There is nothing to indicate that Defendant has done so.

In short, the Court finds that Thompson presents insufficient evidence to support his claim that his $70 monthly payment is inappropriate under the IFRP. Even if Thompson did present a proper challenge, the Court lacks jurisdiction to consider his Motion. Because Thompson challenges the execution of his sentence, his request is properly pursued under 28 U.S.C. § 2241 in the district of his incarceration after

4

exhausting his administrative remedies.  Thus, the Court respectfully dismisses Thompson's Motion.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Addison Thompson Jr.'s *pro se* Motion to Modify Judgment in Lieu of Restitution (Doc. No. [123]) is respectfully **DENIED**.

Dated:  January 21, 2022                         s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge