UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-69 (DWF/TNL) |
| Respondent-Plaintiff, | Civil No. 24-4526 (DWF) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Addison Thompson, Jr., | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Addison Thompson, Jr.'s motion for permission to file a second or successive motion to vacate under 28 U.S.C. § 2255. (Doc. No. 136.) The United States of America (the "Government") responded by filing a motion to dismiss Thompson's motion. (Doc. No. 139.) On March 4, 2025, the Eighth Circuit Court of Appeals denied Thompson's request for authorization to file a second or successive habeas application. (Doc. No. 141.) For the reasons set forth below, the Court grants the Government's motion and dismisses Thompson's motion.

## BACKGROUND

Thompson was charged with four counts of interference with commerce by robbery and five counts of possession with the intent to distribute oxycodone on March 22, 2017. (Doc. No. 11.) Thompson pleaded guilty to one count of interference with commerce by robbery and one count of possession with the intent to distribute oxycodone on July 26, 2017. (Doc. No. 42.) On November 27, 2017, this Court

sentenced Thompson to a 148-month prison term to be followed by a three-year term of supervised release. (Doc. No. 56.) Thompson is currently incarcerated at USP McCreary with an anticipated release date of June 23, 2027. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Mar. 21, 2025).

Thompson has filed various motions for post-conviction relief, including a motion to vacate under § 2255 (Doc. No. 80). The Court has denied all of these motions. (*See* Doc. Nos. 98, 116, 126, 135.) Thompson now requests permission and authorization to file a second or successive motion under § 2255. (Doc. No. 136.) The Government argues that his motion should be dismissed for lack of jurisdiction because Thompson does not have authorization from the Eighth Circuit. (Doc. No. 139.)

## DISCUSSION

Under § 2255, a federal prisoner may not file a second or successive § 2255 motion unless they receive prior authorization from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Thompson did not receive the required authorization from the Eighth Circuit. In fact, the Eighth Circuit denied his request for authorization. (Doc. No. 141.) Further, this Court cannot itself grant Thompson permission or authorization as he requests. The Court is bound by the statute as enacted by Congress. Consequently, the Court is obligated to dismiss this motion for lack of jurisdiction.

## EVIDENTIARY HEARING

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Thompson's claims. A § 2255 motion can be dismissed without a hearing when: (1) the defendant's allegations, if accepted as true,

would not entitle them to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Applying that standard to the Thompson's allegations and the record in this case, the Court concludes that no evidentiary hearing is required.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken to a court of appeals from a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Here, the Court concludes that no issue raised is debatable among reasonable jurists.  Therefore, Thompson has not made the substantial showing necessary for the issuance of a COA.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. The Government's motion to dismiss (Doc. No. [139]) is **GRANTED**.

2. Petitioner-Defendant Addison Thompson, Jr.'s motion for permission and authorization to file a second or successive motion under § 2255 (Doc. No. [136]) is **DISMISSED FOR LACK OF JURISDICTION**.

3. No evidentiary hearing is required in this matter.

4. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 24, 2025　　　　　　　　s/Donovan W. Frank
　　　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　　　United States District Judge